The Honorable Charles W. Stewart State Representative P.O. Box 1167 Fayetteville, AR 72702-1167
Dear Representative Stewart:
This is in response to your request for an opinion regarding the validity of Act 605 of 1993. In my opinion, the Act is not invalid based upon the concerns expressed in your request, as I will explain below.
Act 605 added the following subsection to A.C.A. § 12-12-211
(1987) regarding who may have access to Arkansas Crime Information Center (ACIC) information:
 (e) An elected law enforcement officer of a political subdivision of this state shall not be allowed access to information from the Arkansas Crime Information Center unless either the elected law enforcement officer or a law enforcement officer within his department has successfully completed the preparatory program of police training required by the Arkansas Commission on Law Enforcement Standards and Training for certification of law enforcement officers.
Thus, the Act requires elected law enforcement officers of political subdivisions of the state to complete a police training program prior to being given access to information from ACIC.
You first note that the Act's reference to this preparatory program appears to be vague and indefinite. In my opinion, the Act's reference to the necessary training program is not impermissibly vague. As I recently concluded in Opinion No.93-260, it appears that by referring to "the preparatory program of police training required by the Arkansas Commission on Law Enforcement Standards and Training for certification of law enforcement officers," the Act means the eight week training program that the Commission on Law Enforcement Standards and Training requires for certification of most law enforcement officers in Arkansas.
You next ask whether, if a law enforcement officer were injured or killed in the line of duty as a result of withholding such information, the State of Arkansas would be liable or whether the State's liability would be increased. In my opinion, the simple answer to this question is "no." The "State" of Arkansas is immune from suit pursuant to Article 5, Section 20 of the Arkansas Constitution, which provides that "the State of Arkansas shall never be made defendant in any of her courts."
Finally, you ask whether ACIC can withhold information from constitutional law enforcement officers. In my opinion, the answer to this question is "yes." While the status of certain law enforcement officers may be constitutional, the duties of such officers are generally prescribed and regulated by the legislature. See, e.g., Art. 7, § 47 of the Arkansas Constitution, providing for the election of constables, and A.C.A. §§ 16-19-301 to -306 (1987), prescribing the duties of constables. The constitutional origin of these positions does not per se entitle these officers to obtain ACIC information. Any entitlement to such information would necessarily stem from the officers' legislatively prescribed duties and responsibilities or from A.C.A. § 12-12-211 (1987), which governs access to ACIC information. The legislature has apparently chosen, however, by way of Act 605, to restrict such officers' access to ACIC information until they or another officer in their department has successfully completed the training course required by the Arkansas Commission on Law Enforcement Standards and Training for certification of law enforcement officers. Pursuant to Act 605, then, it is my opinion that the Arkansas Crime Information Center can and must withold information from these law enforcement officers until they have successfully completed the requisite training. I should point out in closing that the willful release or disclosure of ACIC information to an unauthorized person is a felony, punishable by up to three years imprisonment and up to a $5,000 fine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh